UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                       )
        In re:                         )
                                       )   Chapter 7
        RONEY L. HARRIS,               )
                                       )   Case No. 08-31056-HJB
                       Debtor          )
                                       )
        RONEY L. HARRIS,               )
                                       )
                       Plaintiff       )   Adversary Proceeding
        v.                             )   No. 09-3008-HJB
                                       )
        HSBC BANK USA, NATIONAL        )
        ASSOCIATION, AS TRUSTEE UNDER THE )
        POOLING AND SERVICING AGREEMENT )
        DATED AS OF MAY 1, 2006, FREMONT )
        HOME LOAN TRUST 2006-A AND     )
        JOHN DOES (1-25),              )
                                       )
                                       )
                       Defendants      )
_____)

# MEMORANDUM OF DECISION

Before the Court is a Motion to Reconsider Dismissal (the "Reconsideration Motion") relative to this Court's April 23, 2009 order (the "Dismissal Order"), filed *pro se* by Roney L. Harris, the plaintiff and the debtor herein (the "Debtor").[1] The subject order dismissed

---

[1] This Court has, on several occasions advised (and practically pleaded with) the Debtor to obtain counsel. The Debtor's schedules suggest that he has the financial wherewithal to do so. He remains *pro se.* Nevertheless, the Debtor has some familiarity with bankruptcy law as the Court's dockets reflect that he is also a bankruptcy petition preparer for others.

1

the instant adversary proceeding on the motion of defendant HSBC Bank USA, as the above-described trustee ("HSBC").

On July 21, 2008, the Debtor filed a petition in this Court under Chapter 7 of the Bankruptcy Code. On February 9, 2009, the Debtor the instant "Complaint at Law to Determine Dischargeability of Debt" (the "Complaint"). There, he asks the Court, *inter alia*, "to determine the validity, priority, or extent of a lien or other interest in property; to determine the dischargeability of debt; to obtain an injunction or other equitable relief; and to obtain a declaratory judgment relating to any of the foregoing." The Complaint contains a rambling dissertation of allegations undivided by counts. The only identifiable underlying themes are the assertions of claims against HSBC and twenty-five unidentified others under the "Massachusetts RICO statute," the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA") and the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601(a), et seq., and various sections of ch. 106 of the Massachusetts General Laws (the "UCC") relating to the endorsement and assignment of notes.[2]

HSBC responded with a motion to dismiss the adversary proceeding, arguing, *inter alia*, that:

> a) there is no Massachusetts RICO statute;
>
> b) even if the Debtor was referring to the *federal* Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. ("RICO"), no claim was pled upon which relief could be granted because the

---

[2] The TILA allegations are made only in passing. See Compl. ¶ 7. However, a damage claim under TILA has a one year statute of limitations which had expired at the time that the Complaint was filed. And, although a debtor may also seek recission under TILA for a three year period, see Desrosiers v. Transamerica Fin. Corp. (In re Desrosiers), 212 B.R. 716, 722 (Bankr. D. Mass. 1997), the Debtor fails to seek recission among the many remedies sought at the end of his Complaint.

>  Complaint failed to set forth one specific predicate act of racketeering, let alone two, and failed also to allege the existence of a racketeering "enterprise," both of which being necessary elements of a RICO claim; and
>
> c) no claim was pled upon which relief could be granted under the FDCPA with respect to the HSBC because (i) the one year statute of limitations had expired, see 15 U.S.C. § 1692k(d), and (ii) HSBC was not a "debt collector" as defined under 15 U.S.C. § 1692(a)(6).

The Debtor opposed HSBC's motion to dismiss, and the Court scheduled a hearing thereon. After listening to arguments made by both counsel to HSBC and the Debtor, the Court granted HSBC's motion to dismiss for the reasons stated on the record, agreeing for the most part with the arguments made by HSBC in its motion to dismiss.

The Debtor has now filed the instant Reconsideration Motion. It contains an even greater number of allegations and claims, some relating to those in the complaint (but no clearer as to which are being relied upon or the legal justification therefor) and some that may be additional. Although the Reconsideration Motion begins by indicating that the Court incorrectly allowed HSBC's motion to dismiss for *two* reasons - namely, that (i) the Court improperly dismissed the action relative to the twenty-five John Does, and (ii) HSBC failed to provide proof of its standing to commence a prepetition action to foreclose on certain property of the Debtor in Connecticut, Recons. Mot. ¶ 2 – the motion goes on for twelve single-spaced pages.

The standard to be employed for reconsideration of an order is well-settled: "To succeed on a motion to reconsider, . . . the moving party [must] show newly discovered evidence or a manifest error of fact or law," In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citing In re Mortgage Investors Corp., 136 B.R. 592, 598 (Bankr. D. Mass. 1992)).

3

The Reconsideration Motion claims no newly discovered evidence. Nor can this Court locate a "manifest error of law." The Complaint employs for its foundation a state statute which does not exist (the "Massachusetts RICO statute"), as well as the FDCPA and TILA, whose remedies (other than for recission which the Debtor has not sought) are time-barred.[3] The Debtor also seeks a ruling on the dischargeability of the HSBC claim, but the Debtor has already received his Chapter 7 discharge and HSBC has not objected thereto. And the Debtor attacks HSBC's authority or standing under the UCC and contract law to prosecute its lien on his Connecticut property, but that contest can not be pursued in this Chapter 7 case, inasmuch as (i) HSBC has withdrawn its motion seeking relief from the automatic stay to foreclose on the property; (ii) the Chapter 7 trustee has shown no interest in pursuing any rights against HSBC on behalf of the estate and the Debtor has no standing to assert them; and (iii) and even were the Chapter 7 trustee to abandon those claims, this Court would have no remaining jurisdiction with which to remedy any prepetition improprieties by HSBC or its predecessors in interest because the outcome would have no effect on the bankruptcy estate once abandoned. And if the Debtor has no cognizable claim here against HSBC, it is illogical to surmise that he may have a better claim against the other twenty-five unidentified defendants on the same facts.

Perhaps there are viable claims of the Debtor in the Complaint or in the Reconsideration Motion that could be forensically discovered. But it is not the responsibility

---

[3] Although, as of this sitting, this Court is not quite as certain of its earlier ruling that HSBC is not a "debt collector" for the purposes of the FDCPA (if, as alleged by the Debtor at oral argument on the motion to dismiss, HSBC was assigned the note *after* default), see Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000); this error, if any, was harmless since the relief sought under the FDCPA is time-barred.

of the Court to locate them.  Notwithstanding the liberal accomodations which all courts make for *pro se* litigants, this Court is not the Debtor's attorney.  And the downside to throwing everything conceivable against the wall to see if anything sticks is that, in the resulting chaos, issues of merit may not be distinguishable from those without merit.

The necessary elements to prevail on the Reconsideration Motion not having been established, the Reconsideration Motion will be denied.

DATED:    October 15, 2009        _____
                                  Henry J. Boroff
                                  United States Bankruptcy Judge